{¶ 50} I must respectfully dissent, for I believe that there are substantial unresolved questions in this matter that preclude the granting of a motion for summary judgment.
 {¶ 51} The majority is correct that guidance in this matter is found in this court's holding in Dollar Bank v. Sedmak, wherein we held: *Page 12 
 {¶ 52} "The content of the affidavit is merely a restatement of the denials and allegations set forth in Sedmak's answer to Dollar Bank's complaint. Specific and substantial facts to create a material issue of fact are simply not present."[3]
 {¶ 53} This court has consistently held that the nonmoving party in a summary judgment exercise bears the burden of demonstrating facts that are in controversy to avoid judgment.[4] As a matter of law, that burden was met in this matter.
 {¶ 54} In the instant matter, a cursory review of the affidavit of Lorenzo Wilson reveals multiple substantial facts in issue. Our review of a summary judgment motion is de novo.[5] As such, the facts alleged are not weighed.[6] They are to be construed "most strongly" in Wilson's favor.[7] In the affidavit, Wilson alleges, inter alia:
 {¶ 55} "[A]n agent of Ameriquest in the Columbus office contacted me * * * with promises to refinance the loan without any prepayment penalties, with lower interest rate, and with cash back and with promises that we would not be subject again to numerous hidden fees. These statements were false and were known to be false at the time they were made by the agent representing Ameriquest * * * Ameriquest used its appraiser to unlawfully inflate the value of the property * * * and by using creative accounting, numerous hidden fees and false promises, did unlawfully convert over $ 15,000 to their own use or purpose and withoutbenefit to me or others having interest in the property at 2676 Jefferson Street." (Emphasis added.)
 {¶ 56} This is a foreclosure action based upon a mortgage note secured by real estate. Wilson has raised sufficient facts that, if believed, entitle him to his day in court. In a summary judgment exercise, those facts are to be construed "most strongly" in his favor. At some point, those facts will be weighed against the admissions conceded by the majority, but so long as facts remain in controversy, summary judgment is not appropriate.
[3] (Emphasis in original.) Dollar Bank v. Sedmak (Mar. 26, 1993), 11th Dist. No. 1992-A-1729, 1993 WL 150415, at *2.
[4] See, e.g., Corrado v. Warren-Trumbull Cty. Public Library, 11th Dist. No. 2005-T-0120, 2006-Ohio-4661, at ¶ 23, citing Smith v. L.J.Lewis Ents., Inc., d.b.a. Action Emergency Ambulance (Sept. 28, 2001), 11th Dist. No. 2000-T-0052, 2001 Ohio App. LEXIS 4413, at *13, quoting Civ.R. 56(E).
[5] Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105.
[6] Killilea v. Sears, Roebuck Co. (1985), 27 Ohio App.3d 163,167.
[7] Civ.R. 56(C). *Page 1